IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE E. SIMPSON,

        Plaintiff,

  vs.                                   Civil Action 2:13-CV-164
                                        Judge Watson
                                        Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

**I.    Background**

    This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is now before the Court on *Plaintiff Jane E. Simpson's Statement of Specific Errors* ("*Statement of Errors*"), Doc. No. 8, the Commissioner's opposition to the *Statement of Errors* ("*Commissioner's Response*"), Doc. No. 11, and plaintiff's reply, Doc. No. 13.

    Plaintiff Jane E. Simpson filed her application for disability insurance benefits on October 22, 2008, alleging that she has been disabled since June 1, 2006.  *PAGEID* 141.  The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

    An administrative hearing was held on April 1, 2011, at which plaintiff, represented by counsel, appeared and testified, as did

Lynne Kaufman, who testified as a vocational expert, and Paul F. Gatens, M.D., who testified as a medical expert. *PAGEID* 54.  In a decision dated May 24, 2011, the administrative law judge concluded that plaintiff was not disabled from June 1, 2006, through the date of the administrative decision. *PAGEID* 48.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 14, 2013.  *PAGEID* 29.

Plaintiff was 50 years of age on the date of the administrative decision.  *See PAGEID* 49, 141.  Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a data entry clerk, corrections officer, and jail administrator.  *PAGEID* 47-48.  Plaintiff was last insured for disability insurance purposes on September 30, 2011.  *PAGEID* 41.  She has not engaged in substantial gainful activity since her alleged date of onset of disability.  *Id*.

**II.  Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of major depression, anxiety, migraines, and cannabis abuse.  *PAGEID* 41.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: mentally, the claimant is limited to work that does not require complex workplace decision making and only requires rare to occasional interaction with co-workers, supervisors, and the general public." *PAGEID* 41, 43.  The

administrative law judge relied on the testimony of the vocational expert to find that this residual functional capacity allows plaintiff to perform her past relevant work as a data entry clerk, as well as other jobs that exist in significant numbers in the national economy. *PAGEID* 47-48.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2006, through the date of the administrative decision.  *PAGEID* 48.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by

3

substantial evidence, it must be affirmed even if this Court would decide the matter differently, see *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in failing to consider the medical opinion of plaintiff's treating psychologist Jessica Thull, Ph.D., in determining plaintiff's RFC.[1] *Statement of Errors*, pp. 8-11. The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*,

---

[1] Plaintiff also argues that the administrative law judge erred in evaluating the opinion of James C. Tanley, Ph.D., in evaluating plaintiff's physical impairments, and in the RFC determination. *Statement of Errors*, pp. 11, 13-14, 16. Because the Court concludes that the matter must be remanded for further consideration of Dr. Thull's opinion, the Court need not and does not consider plaintiff's remaining contentions.

4

reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Dr. Thull treated plaintiff individually on December 14, 2010, *PAGEID* 1313, January 7, 2011, *PAGEID* 1410-14, February 8, 2011, *PAGEID* 1396-97, February 24, 2011, *PAGEID* 1374-75, and March 14, 2011, *PAGEID* 1368-69, and in group counseling on March 15, 2011, *PAGEID* 1366.  Dr. Thull diagnosed a major depressive disorder, recurrent, moderate; anxiety disorder, NOS; and cannabis abuse.  *PAGEID* 1317, 1366, 1369, 1397, 1411.  On April 4, 2011, Dr. Thull completed a mental RFC assessment and a psychiatric review technique form,  *PAGEID* 1425-35, in which Dr. Thull opined that plaintiff was moderately limited in her ability to (1) maintain attention and concentration for extended periods, (2) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and (3) accept instructions and respond appropriately to criticism from supervisors.  *PAGEID* 1425-26.  Dr. Thull also opined

5

that plaintiff's condition would not likely deteriorate if she was "placed under stress particularly that of a job." *PAGEID* 1428. Dr. Thull elaborated on her opinion:

> Ms. Simpson has been experiencing a number of symptoms of depression [and] anxiety that may interfere with her capacity to sustain her attention for long periods of time, or may require her to take intermittent breaks if symptoms of anxiety (e.g., racing thoughts, nervousness) intensify on the job. Due to a long history of self-esteem problems [and] a tendency to blame herself for wrongdoings that may be unrelated to her own behavior, she may be hypersensitive to feedback [and] criticism from a supervisor. She is currently prescribed psychotropic medications [and] participating in individual psychotherapy to address these problems.

*PAGEID* 1429.

The Commissioner does not contest that Dr. Thull is a treating source.[2] Instead, the Commissioner argues that the administrative law judge's RFC assessment is consistent with Dr. Thull's opinion. *Commissioner's Response*, p. 6. The Commissioner also argues that the administrative law judge "clearly referenced Dr. Thull's functional capacity assessment and cited it as support for his finding that Plaintiff had no more than moderate psychological limitations." *Id*. (citing *PAGEID* 45). The Commissioner's arguments are without merit.

The administrative law judge never expressly referred to Dr. Thull's report or opinion, but made passing reference to that portion of the administrative record that includes Dr. Thull's RFC assessment: "Clinic reports in general describe the claimant's mental condition as being moderate in their severity even with the claimant's regular use

---

[2] A treating source is a "medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502.

of marijuana and weekend drinking (Exhibits 19F, 16F)." *PAGEID* 45.[3] However, the administrative law judge did not separately evaluate Dr. Thull's opinion or report, but mentioned them only in his consideration of plaintiff's credibility. *See id*. This passing reference to Dr. Thull's "[c]linic report[]" is not, however, sufficient to satisfy the requirements of 20 C.F.R. § 404.1527(c), because the administrative law judge neither referred to nor evaluated Dr. Thull's "medical opinion." *Compare* 20 C.F.R. § 404.1527(c) (requiring administrative law judges to evaluate every "medical opinion"), *with* 20 C.F.R. § 404.1527(a)(2)("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.").

There is no indication whatsoever that the administrative law judge considered Dr. Thull's "medical opinion." The administrative law judge did not refer to Dr. Thull as a treating source, made no mention of Dr. Thull's medical opinion, and failed to expressly consider the factors required by *Wilson*. The administrative law judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the weight given to Dr. Thull's opinion and the reasons for that weight. *See Rogers*, 486 F.3d at 242.

---

[3] Without making any reference to Dr. Thull's report or opinion, the administrative law judge also stated, "In spite of the claimant's considerable alleged physical and mental symptomatology, there is no medical opinion or record by treating practitioners to indicate that the claimant is prevented from all work activity or clinical or diagnostic evidence to support such a conclusion." *PAGEID* 46.

7

Furthermore, the Commissioner's arguments to the contrary notwithstanding, *see Commissioner's Response*, pp. 5-6, it is not clear that the administrative law judge's RFC assessment is consistent with Dr. Thull's opinion.  Although the RFC determination is an administrative finding of fact reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(d)(2), (3); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004), an administrative law judge is required to evaluate every medical opinion, regardless of its source, in making that determination.  20 C.F.R. § 404.1527(c). It is not clear from the record, however, that the administrative law judge gave any consideration whatsoever to the medical opinion of Dr. Thull.  The Court therefore concludes that the matter must be remanded for further consideration of Dr. Thull's opinion.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner be **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and that this action be **REMANDED** for consideration of the medical opinion of Dr. Thull.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 29, 2013                             *s/Norah McCann King*
                                              Norah M$^c$Cann King
                                       United States Magistrate Judge

9