```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


JANE E. SIMPSON,

            Plaintiff,

     vs.                             Civil Action 2:13-CV-164
                                     Judge Watson
                                     Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
```

## REPORT AND RECOMMENDATION

This action sought review under the provisions of 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  *Complaint*, Doc. No. 2.  On November 18, 2013, the Court reversed the decision of the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) and remanded the matter to the Commissioner for consideration of the medical opinion of plaintiff's treating psychologist Jessica Thull, Ph.D.  *Order*, Doc. No. 15, p. 1.  Final judgment was entered that same date.  *Judgment*, Doc. No. 16.

This matter is now before the Court on *Plaintiff Jane E. Simpson's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act* ("*Plaintiff's Motion*"), Doc. No. 17.  Plaintiff specifically seeks an attorney fee in the amount of $7,042.26, for 37.75 hours of work compensated at the rate of $186.55 per hour; plaintiff also seeks recovery of the $350.00 filing fee.  *Id*. at 1.  The Commissioner opposes plaintiff's request for fees.

*Defendant's Response to Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act* ("*Commissioner's Response*"), Doc. No. 18. Plaintiff has filed a reply, Doc. No. 19. For the reasons that follow, *Plaintiff's Motion* is **GRANTED** in part.

**II. STANDARD**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

**III. DISCUSSION**

Plaintiff seeks a total award of $7,392.26. *Plaintiff's Motion*, p. 1. The Commissioner does not argue that plaintiff is not a prevailing party or that her litigation position was substantially justified. The Commissioner does, however, oppose the reasonableness of the fee requested by plaintiff. *Commissioner's Response*, p. 1.

2

Specifically, the Commissioner argues that the hourly rate reflected in plaintiff's request is excessive, represents that "other Ohio Social Security Disability claimant's attorneys are routinely requesting an hourly attorney fee rate of $125.00," and contends that plaintiff has not produced evidence sufficient to justify an increased rate. *Id.* at pp. 1-10.

> An award under the EAJA must be reasonable:
>
> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health and Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Therefore, a plaintiff bears the burden of providing evidence sufficient to support a request for an award calculated at a higher hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To meet this burden, a plaintiff must "'produce satisfactory evidence – in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum*, 465 U.S. at 895 n.11).

Once a court has examined the prevailing market rate, the court must then consider whether a fee in excess of the $125.00 statutory cap is justified based on cost of living increases. 28 U.S.C. §

3

2412(d)(2)(A); *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199-200 (6th Cir. 1992). "[E]ven though the cost of living has risen since the enactment of the EAJA," the decision whether or not to grant such an adjustment is left to the sound discretion of the district court. *Id.* at 199-200. Simply submitting the Department of Labor's Consumer Price Index and arguing that the rate of inflation justifies an enhanced hourly rate will not suffice. *Bryant*, 578 F.3d at 450.

In the case presently before the Court, plaintiff has submitted the affidavit of her attorney, Clifford M. Farrell, the Department of Labor's Consumer Price Index, the affidavit of Gary J. Pandora, Esq., a copy of *The Economics of Law Practice in Ohio* (2010), a copy of the *United States Consumer Law Attorney Fee Survey Report 2010-2011*, and a copy of *The Economics of Law Practice in Ohio in 2013* in support of the proposed $186.55 hourly rate. The affidavit of plaintiff's attorney represents that his normal rate is $300 per hour. *See Affidavit of Plaintiff's Attorney, Clifford M. Farrell*, attached to *Plaintiff's Motion* as Exhibit B, at p. 2. The affidavit of Gary J. Pandora, Esq., an attorney in Columbus, Ohio who has represented Social Security claimants in federal court, asserts that an hourly rate of "up to $200-225 per hour" is "in line with prevailing rates in Ohio for the same type of services provided by lawyers of reasonably comparable skill, experience and reputation" to plaintiff's attorney. *Affidavit of Gary J. Pandora*, attached to *Plaintiff's Motion* as Exhibit E. Additionally, plaintiff has provided evidence that the mean billing rate in the Downtown Columbus area, where plaintiff's attorney practices, is $295 per hour, the mean billing rate for firms

in Ohio with 3-6 attorneys, the size of plaintiff's attorney's firm, is $237 an hour, the mean billing rate in Ohio for Social Security attorneys is $264 an hour, and the mean billing rate in Ohio for attorneys with 26 to 35 years in practice is $249 an hour. *See The Economics of Law Practice in Ohio in 2013*, attached to *Plaintiff's Motion* as Doc. No. 17-7. The Commissioner offers evidence that some attorneys have requested or stipulated to an EAJA award at the $125.00 statutory rate. *See Commissioner's Response*, pp. 5-6, Exhibits A (stipulation to $125.00 statutory rate), B (request for fees in the N.D. Ohio at the statutory rate), C (awarding fees at the statutory rate where counsel did "not make any effort to establish a prevailing market rate for Social Security appeals in the Northern District of Ohio"). The Court concludes that plaintiff has provided satisfactory evidence that the requested hourly rate of $186.55 is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Cf*. *Delver v. Astrue*, No. 1:06cv266, 2011 WL 4914963, at *3 n.2 (S.D. Ohio Sept. 9, 2011) (suggesting a preference for "affidavits from other attorneys who practice in federal court," "publications that discuss the prevailing market rate," or "an affidavit from counsel setting forth . . . her normal hourly rate").

Plaintiff asks that any fees awarded be paid directly to her attorney, consistent with her assignment of EAJA fees. *See Plaintiff Jane E. Simpson's Affidavit and Assignment of EAJA Fee*, attached to *Plaintiff's Motion* as Exhibit A. The United States Supreme Court has determined that any fees awarded to a prevailing party under the EAJA

5

belong to the litigant, not to her attorney.  *Astrue v. Ratliff*, 130 S.Ct. 2521, 2527 (2010).  Fees can be awarded directly to an attorney, however, where the litigant does not owe a debt to the government that is subject to set-off and where the litigant assigns the right to receive fees to the attorney.  *Id*. at 2529.

In the case presently before the Court, it is unclear whether plaintiff owes a debt to the government that is subject to set-off against the EAJA award.  Accordingly, the Court concludes that, under *Ratliff*, the proper course is to award fees directly to plaintiff and remain silent as to the ultimate disposition of those fees.  *See Oliver v. Comm'r of Soc. Sec.*, No. 2:11-cv-447, 2013 WL 65429 (S.D. Ohio Jan. 4, 2013).

For the foregoing reasons, it is **RECOMMENDED** that *Plaintiff's Motion*, Doc. No. 17, be **GRANTED in part** and **DENIED in part**.  It is **SPECIFICALLY RECOMMENDED** that plaintiff be awarded costs and an attorney fee under the Equal Access to Justice Act in the total amount of $7,392.26.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 29, 2014                                         *s/Norah McCann King*
                                                         Norah M$^c$Cann King
                                              United States Magistrate Judge